UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ANTONIO CANDRAY, ) | 1:08-CV-01860 SMS HC |
| ) | |
| Petitioner, ) | ORDER DISMISSING PETITION |
| ) | |
| v. ) | ORDER DIRECTING CLERK OF COURT |
| ) | TO ENTER JUDGMENT AND TERMINATE |
| ) | CASE |
| JAMES D. HARTLEY, Warden, et al., ) | |
| ) | |
| Respondents. ) | |

Petitioner is a state prisoner proceeding pro se with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254.  This action has been referred to this Court pursuant to 28 U.S.C. § 636(b)(1) and Local Rule 72-302. Petitioner has returned his consent/decline form indicating consent to the jurisdiction of the Magistrate Judge.

On December 4, 2008, Petitioner filed the instant petition for writ of habeas corpus alleging violations of his due process rights by the California Board of Parole Hearings.

**DISCUSSION**

A.  Procedural Grounds for Summary Dismissal

Rule 4 of the Rules Governing Section 2254 Cases provides in pertinent part:

> If it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition and direct the clerk to notify the petitioner.

The Advisory Committee Notes to Rule 8 indicate that the court may dismiss a petition for writ of habeas corpus, either on its own motion under Rule 4, pursuant to the respondent's motion to dismiss, or after an answer to the petition has been filed.  A petition for habeas corpus should not be dismissed without leave to amend unless it appears that no tenable claim for relief can be pleaded were such leave granted.  Jarvis v. Nelson, 440 F.2d 13, 14 (9th Cir. 1971).

B.  Failure to State a Claim

Petitioner presents four claims for relief in his petition. In claims one through three, Petitioner takes issue with the parole board's failure to provide him with timely parole hearings. In claim one, Petitioner alleges the last three parole hearings were delayed and postponed in violation of statute. In claim two, Petitioner argues the parole board lost jurisdiction to consider him for parole when it failed to provide him with a timely hearing. In claim three, Petitioner argues the parole board's decision is illegal and void due to the board's failure to follow procedures in delaying his hearings.

"[D]ue process does not include receiving a parole hearing in exact accordance with the specific time period required by [state regulations.]" Johnson v. Paparozzi, 219 F.Supp.2d 635, 652 (D.N.J.2002). The denial of a timely parole proceeding is not a per se violation of due process. Jefferson v. Hart, 84 F.3d 1314, 1316-17 (10th Cir.1996).  To show a due process violation from a delayed hearing, a prisoner must show prejudice from the delay. See Camacho v. White, 918 F.2d 74, 78-80 (9th Cir.1990).  In this case, Petitioner cannot demonstrate prejudice resulting from the delays, because in each of the delayed hearings, Petitioner was denied parole. Therefore, Petitioner has failed to show a violation of his due process rights.

In claim four, Petitioner contends the length of his incarceration is disproportionate to his crime. Under any standard, this claim is without merit. First, due process only requires: 1) that the inmate receive advance written notice of the hearing, Pedro, 825 F.2d at 1399; 2) that the inmate be afforded an "opportunity to be heard," Greenholtz, 442 U.S. at 16; 3) that if the inmate is denied parole, the inmate be told why "he falls short of qualifying for parole," Id.; and 4) that the decision of the Board be supported by "some evidence" having an indicia of reliability, Superintendent, Mass. Correc. Inst. v. Hill, 472 U.S. 445, 455 (1985); Cato v. Rushen, 824 F.2d 703, 705 (9th Cir.1987).

Petitioner does not argue that he was denied any of these guarantees. Second, while a criminal sentence that is not proportionate to the crime for which a defendant is convicted may violate the Eighth Amendment, no inference of gross disproportionality can be drawn in this case. Petitioner was convicted of murder. A sentence of 15 years to life is, without question, not grossly disproportionate to such a crime. In addition, the parole board's action of repeatedly denying Petitioner parole does not violate the Eighth Amendment. See United States v. O'Driscoll, 761 F.2d 589, 599 (10th Cir.1985) ("A sentence of imprisonment for a very long term of years, the effect of which is to deny a prisoner eligibility for parole until a time beyond his life expectancy, does not violate the Eighth Amendment prohibition of imposition of cruel and unusual punishment.").

## ORDER

Accordingly, IT IS HEREBY ORDERED:

1) The petition for writ of habeas corpus is DISMISSED WITH PREJUDICE;

2) The Clerk of Court is DIRECTED to enter judgment and terminate the case; and

3) As this petition challenges a parole decision, a certificate of appealability is not required. Rosas v. Nielsen, 428 F.3d 1229, 1232 (9th Cir.2005).

IT IS SO ORDERED.

**Dated:   January 8, 2009**            /s/ Sandra M. Snyder
                                       UNITED STATES MAGISTRATE JUDGE